**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-1933**

_____

THELMA ROPER, individually and on behalf of all others similarly situated,

Plaintiff - Appellee,

v.

OLIPHANT FINANCIAL, LLC; STILLMAN P.C., d/b/a Stillman Law Office,

Defendants - Appellants.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Brendan A. Hurson, District Judge.  (8:23-cv-02112-BAH)

_____

Submitted:  June 24, 2025                      Decided:  July 23, 2025

_____

Before WILKINSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Eugene Xerxes Martin, IV, MARTIN GOLDEN LYONS WATTS MORGAN PLLC, Dallas, Texas, for Appellants.  Peter A. Holland, Emanwel J. Turnbull, THE HOLLAND LAW FIRM, P.C., Annapolis, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Oliphant Financial, LLC, and Stillman P.C. d/b/a The Stillman Law Office, appeal the district court's order denying their motion to compel arbitration of the underlying suit. Thelma Roper sued Appellants in a purported class action complaint in the district court for violation of federal and Maryland consumer protection laws for filing collection suits in state court beyond the expiration of the statute of limitations. Roper had taken out a personal loan from Oliphant's predecessor-in-interest and defaulted on the loan; Oliphant sued Roper in state court to collect on the debt, but the state court dismissed the action as barred by the statute of limitations. Appellants sought to compel arbitration of the action based on the arbitration provision in the loan agreement and the district court denied the motion, finding that Appellants had waived their right to compel arbitration by filing the collection action. We affirm.

This court "review[s] de novo a district court's denial of a motion to compel arbitration." *Muriithi v. Shuttle Exp., Inc.*, 712 F.3d 173, 178 (4th Cir. 2013). "[W]hether a dispute is arbitrable presents primarily a question of contract interpretation, requiring that [we] give effect to the parties' intentions as expressed in their agreement." *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d 553, 563 (4th Cir. 2015) (internal quotation marks omitted). "In determining the parties' intent, [we] appl[y] ordinary state law principles governing the formation of contracts." *Id*.

To determine whether a party has waived the right to compel arbitration, a court must determine whether the party seeking to compel (1) knew the right to compel existed, and (2) acted inconsistently with the intention of enforcing the right to compel arbitration.

2

*See Morgan v. Sundance, Inc.*, 596 U.S. 411, 417-19 (2022). Under Maryland law, a party acts inconsistently with the intent to compel arbitration when it litigates a case concerning the same claims as those it wishes to arbitrate. *See Cain v. Midland Funding, LLC*, 156 A.2d 807, 816-17 (Md., 2017). A case concerns the same claims if all parts of the dispute are "interrelated" and "actually part of one basic issue." *Id*. at 817.

Appellants assert that the district court erred in denying their motion to compel arbitration because some of Roper's claims concern Oliphant's actions prior to institution of the collection suit and therefore would exist regardless of that litigation. We disagree. Oliphant waived its right to compel arbitration of claims challenging its debt collection practices by filing collection actions in state court. *See Cain*, 156 A.3d at 816-18. While claims based on actions that predate a collection suit—claims that would exist regardless of whether that suit was filed—might not be sufficiently related to the claims in a collection suit to be exempted from an arbitration agreement based on waiver, *see* In *Ford v. UGH I, LLC*, No. 22-cv-00840-LKG, 2023 WL 2185751, at *6-7 (D. Md. Feb. 23, 2023), Roper asserted no such claims here. The complaint alleges that Oliphant sent letters to debtors within the statute of limitations demanding payment of the loans in full, but then waited more than three years—beyond the expiration of the statute of limitations—to sue. The illegal actions complained of, therefore, do not constitute actions taken prior to the suit, but the filing of the suit beyond the statute of limitations. And while the complaint alleged in a general background section that Oliphant convinced some debtors to pay debts that were outside of the statute of limitations, the class action claims are not based on those actions, but rather include only debtors who Appellants sued outside of the statute of limitations.

3

Therefore, the district court properly denied Appellants' motion to compel arbitration because they waived the right to do so.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*